UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES LEUCHTMAN and | ) | |
| MARC LEUCHTMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:08cv275-SRW |
| | ) | (WO) |
| THE CITY OF AUBURN, ALABAMA | ) | |
| and DETECTIVE WILLIE SANFORD, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This action is presently before the court on the motion to dismiss filed in this action on April 8, 2008 (Doc. # 6) by defendants City of Auburn and Willie Sanford.  Defendants contend that the claims of plaintiff Marc Leuchtman are due to be dismissed because plaintiff has failed to file a Notice of Claim with the City of Auburn as required by Ala. Code § 11-47-23 and § 11-47-192.

Section 11-47-192 states:

> No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured . . . stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.

Section 11-47-23 provides that claims against municipalities for damages growing out of torts are barred unless they are presented to the clerk for payment within six months of accrual.

Plaintiffs bring a claim pursuant to 42 U.S.C. § 1983 against both defendants (Count Eight).[1] The Alabama statutes cited by defendant are inapplicable to this federal claim. Patrick v. City of Florala, 793 F.Supp. 301 (M.D. Ala. 1992).  Thus, the motion to dismiss is due to be denied as to Count Eight.  Additionally, the statutes -- by their express terms -- do not apply to bar plaintiff's claims against defendant Sanford in his individual capacity. See American Trust Corp. v. Champion, 793 So.2d 811, 814 (Ala. Civ. App. 2001)(11-47-23 "applies to claims against a municipality, but not to tort claims against individuals")(citing Harris v. City of Montgomery, 435 So.2d 1207 (Ala. 1983)).  Accordingly, to the extent the motion is brought by defendant Sanford individually, the motion to dismiss is due to be denied in its entirety.

It is not clear from the complaint whether Counts One, Two and Three, alleging that the City of Auburn is liable for its own negligence and wantonness and vicariously for the torts of its officers, are brought by both plaintiffs or solely by plaintiff Charles Leuchtman. If the latter, the motion to dismiss does not pertain to these claims.

Accordingly, it is

ORDERED that plaintiffs are directed to advise the court, in writing, on or before June 16, 2008: (1) whether they bring any official capacity claims against defendant Sanford and, if so, why such claims should not be dismissed as redundant, considering their claims

---

[1] There is no count numbered "Seven."  (See Complaint).

against the City of Auburn; and (2) whether Counts One, Two and Three of the Complaint are brought by plaintiff Marc Leuchtmann.

It is further ORDERED that the motion to DISMISS is DENIED as to Count Eight (the § 1983 claim) and as to all of plaintiffs' claims against defendant Sanford individually.

It is further ORDERED that plaintiff Marc Leuchtman may respond to the motion to dismiss -- with regard to any state law claims he brings against the City of Auburn -- on or before June 16, 2008.

DONE, this 2nd day of June, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE