UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES LEUCHTMAN and<br>MARC LEUCHTMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY OF AUBURN, ALABAMA<br>and DETECTIVE WILLIE SANFORD,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 3:08cv275-SRW<br>)                         (WO)<br>)<br>)<br>)<br>) |

**ORDER**

This action is presently before the court on the motion to dismiss filed in this action on April 8, 2008 (Doc. # 6) by defendants City of Auburn and Willie Sanford. Defendants contend that the claims of plaintiff Marc Leuchtman are due to be dismissed because plaintiff has failed to file a Notice of Claim with the City of Auburn as required by Ala. Code § 11-47-23 and § 11-47-192.

Section 11-47-192 states:

> No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured ... stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.

Section 11-47-23 provides that claims against municipalities for damages growing out of torts are barred unless they are presented to the clerk for payment within six months of accrual.

The court previously denied the motion as to Count Eight (the § 1983 claim) and as to all of plaintiffs' claims against defendant Sanford individually.  Upon further consideration of the motion, it is

ORDERED that the motion is DENIED as to plaintiffs' remaining claims against the City.[1]

DONE, this 23rd day of June, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] Since plaintiffs have now clarified, in response to the show cause order, that Counts 1-3 are brought by Charles Leuchtman only, the motion is due to be denied as moot as to these claims. Additionally, because §§ 11-47-23 and 11-47-192 are statutes of non-claim and limitation, they are affirmative defenses as to which defendants bear the burden of proof. See Alexander City v. Continental Ins. Co., 262 Ala. 515 (1955); Taylor v. City of Clanton, 245 Ala. 671 (1944)("The presentation for payment to the clerk . . . is in the nature of a non-claim and matter to be presented as a defense."). Since defendants filed no evidence with their motion, the court had no occasion to treat the motion as one for summary judgment. Thus, the motion to dismiss is due to be denied in its entirety.